IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 06-00113-CR-W-HFS |
| DAVID C. BRUSKE, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

An appeal has been filed from a judgment of conviction entered by Magistrate Judge Larsen and a fine of $50, together with a $25 special assessment, entered after a trial to the court for a petty offense.

The charge against defendant Bruske is described in a violation notice as "exhibiting disorderly conduct; creating a nuisance on federal property." The trial transcript shows the offense arises from a dispute between defendant, an IRS employee, and a management official, Rhonda Hicks, after she presented him with a letter instructing him against unwanted pestering or harassing of other employees. Based on defendant's personality traits, she expected trouble. Hicks testified to defendant's having "exploded. . .waving his arms around. . .banging the table with his fists. . .told me I messed with the wrong guy and that he was going to take me down."

Another IRS employee, Kent Cochran, testified to having observed the confrontation, including "yelling" and "loud talking" by defendant. Before the incident ended, according to Cochran, defendant took a wireless phone being carried by Cochran and returned it to Hicks' office, and while "blocking my exit" said "you're mine, buddy." Cochran understood this as a physical

threat. Cochran also testified to concern, partly because defendant had from time to time said he had guns in his car. Tr. 54-5. After a search on the day of the incident, however, no gun was found at that time.

There was some conflict in the testimony, including a denial by defendant, but the magistrate found against defendant, and fined him as noted.

Two pretrial motions were filed. One demanded a jury trial and the other challenged the validity of the underlying regulation 41 CFR 102-74.390, which prohibits "exhibiting disorderly conduct. . .which: creates a nuisance". The regulation was alleged to violate the Due Process Clause (of the Fifth Amendment) and overbreadth principles under the First Amendment. The motions were denied before trial. The sufficiency of the evidence was not, however, contested by motion at trial.

Defendant now asks for a briefing schedule, stating that the right to a jury trial is the only issue to be affected. Doc. 19. Such briefing should deal with the Supreme Court rulings that prosecutions for petty offenses need not be resolved by juries. <u>United States v. Nachtigal</u>, 507 U.S. 1 (1993). I understand that the maximum punishment available here was a fine and a 30 day sentence. 41 CFR 102-74.450.

Pursuant to the request for a briefing schedule it is hereby ORDERED that defendant shall file a brief in support of his jury claim on or before May 25, 2006.  The Government may respond on or before June 5, 2006.  Any reply brief by defendant shall be filed on or before June 15, 2006.  SO ORDERED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

May 8, 2006

Kansas City, Missouri